UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------------x
                                                    :
In re:                                              :   Chapter 11
                                                    :
SPIEGEL, INC., et al.,                              :   Case No.  07-CV-10317-RJH
                                                    :
            Reorganized Debtors.                    :   (Related Case No. 07-CV-03947-RJH
                                                    :   & Related Bankruptcy Case 03-11540)
-------------------------------------------------------------------x
```

### SPIEGEL CREDITOR TRUST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SECOND JOHNSON APPEAL

The Spiegel Creditor Trust (the "Creditor Trust"), as successors to the debtors (the "Debtors") in certain matters in the above referenced cases, hereby submits this Memorandum of Law in support of its motion to dismiss the pending Johnson appeal[1] (the "Motion to Dismiss") and respectfully represents as follows:

### PRELIMINARY STATEMENT

Jacqueline J. Johnson ("Johnson") seeks in her appeal to challenge an August 21, 2007 Bankruptcy Court order holding her in contempt of court. The Creditor Trust requests that the Court exercise its discretion and dismiss the appeal on the basis that Johnson has failed to comply with the applicable appellate rules.

---

[1] Pursuant to Bankruptcy Rule 8011(a), and in applicable part, a "request for an order or other relief shall be made by filing with the clerk of the district court … a motion for such order or relief with proof of service on all other parties to the appeal." The Creditor Trust also notes that Bankruptcy Rule 8011(c) provides that "All motions will be decided without oral argument unless the court orders otherwise." Accordingly, pursuant to this Rule and the individual practices of this Court, the Creditor Trust has not sought a hearing date on the Motion to Dismiss. However, the Creditor Trust would welcome the opportunity to appear before the Court on this matter if the Court is so inclined.

NY3 - 464779.04

## **BACKGROUND FACTS**

A chronological review of the relevant facts is provided below.  Each of the related cited documents is attached to the Declaration in Support of the Spiegel Creditor Trust's Motion to Dismiss ("LeMay Declaration") and cross-referenced for the Court's convenience.

- On October 15, 2004, Johnson filed a proof of claim for $100,000.00 in the Spiegel, Inc. *et al*. (collectively, the "Debtors") bankruptcy cases.  The claim was recorded as claim number 4248 (the "Johnson Claim").  The Johnson Claim sought compensation for claims of discrimination and retaliation by Spiegel, Inc. ("Spiegel") and was related to an action originally filed with the Equal Employment Opportunity Commission. (*See* LeMay Declaration, Ex. 1)

- On December 9, 2004, the Debtors filed their objection to, among other claims, the Johnson Claim (the "Omnibus Objection") (Bankruptcy Docket No. 2431). (*See* LeMay Declaration, Ex. 2)  Johnson filed a response to the Omnibus Objection soon after (Bankruptcy Docket No. 2593). (*See* LeMay Declaration, Ex. 3)

- On May 25, 2005, the Bankruptcy Court approved a plan of reorganization for the Debtors (the "Plan") (Bankruptcy Docket No. 3556) by entering a confirmation order (the "Confirmation Order") (Bankruptcy Docket No. 3590). (*See* LeMay Declaration, Exs. 4 and 5)  Among other things, the Plan and Confirmation Order (a) transferred certain outstanding matters to the Spiegel Creditor Trust for resolution, including the Johnson Claim, and (b) permanently enjoined all parties from commencing and continuing any actions or proceedings against the Debtors and their successors (including the Creditor Trust) except as provided in the Plan.  *See* Plan § 13.1 and Confirmation Order ¶ 51.

- In December 2006, the Bankruptcy Court disallowed the Johnson Claim.  Johnson subsequently sought to appeal that order. (*See* LeMay Declaration, Ex. 6)  That appeal is currently pending before this Court as case number 07-CV-03947-RJH (the "First District Court Appeal").

- In a letter to this Court dated July 20, 2007 allegedly related to the First District Court Appeal, Johnson referenced and attached a copy of a default judgment she apparently had obtained on July 13, 2007 in case number 1:07-CV-00747 (the "Illinois Action") filed against Spiegel, Inc. in the United States District Court for the Northern District of Illinois (the "Illinois District Court"). (*See* LeMay Declaration, Exs. 7, 8 and 9)

- Upon receipt of the letter, the Creditor Trust reviewed the relevant Illinois District Court docket and discovered, among other things, that Johnson commenced the

Illinois Action against Spiegel, Inc. on February 6, 2007 and -- in lieu of serving the Creditor Trust -- served process on an unknown person and entity in Virginia. As the Creditor Trust was not notified of the Illinois Action, no response had been filed prior to the entry of the default judgment.[2] (See LeMay Declaration, Exs. 10 and 11)

- On August 3, 2007, the Creditor Trust filed a motion to hold Johnson in contempt of court for knowingly violating the Plan injunction by prosecuting the Illinois Action. *See* Motion to Hold Johnson in Contempt of Court for Knowing Violation of Plan Injunction (Bankruptcy Docket No. 4713) (the "Contempt Motion"). (*See* LeMay Declaration, Ex. 12)

- On August 21, 2007, after Judge Lifland held a hearing on the Contempt Motion, he issued an Order Granting the Spiegel Creditor Trust's Motion to Hold Jacqueline Johnson in Contempt of Court (Bankruptcy Docket No. 4720)(the "Contempt Order"). (*See* LeMay Declaration, Exs. 13 and 14) Judge Lifland's Contempt Order included the following findings:

    (v) …. any and all claimants of or against any of the Debtors have been permanently enjoined from commencing or continuing any actions or proceedings on any claims against the Debtors, except as expressly provided in the Plan; (vi) Johnson received repeated and specific written warnings that filing actions in another court would violate the Plan injunction of this Court; (vii) despite these multiple written and specific warnings, Johnson filed an action in the United States District Court for the Northern District of Illinois ….

- On August 31, 2007, ten days after the Contempt Order was entered, Johnson filed her Notice of Appeal of the Contempt Order (Bankruptcy Docket No. 4724) (the "Second Notice of Appeal"). Upon filing the Second Notice of Appeal, the ten-day period commenced for the appellant to file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. *See* Bankr. Rule 8006. (*See* LeMay Declaration, Ex. 15)

- On September 10, 2007, ten days after filing her Second Notice of Appeal, Johnson filed her Notice for Designation of Items and her Motion for Stay Pending Appeal (Bankruptcy Docket No. 4725). This filing did not include the required statement of issues. (*See* LeMay Declaration, Ex. 16)

- On September 19, 2007, the Creditor Trust filed and served upon Johnson its Counter Designation of Items on the Record for Appeal (Bankruptcy Docket No. 4728) (the

---

[2] The Creditor Trust subsequently filed a motion with Illinois District Court to vacate the default judgment and dismiss the Illinois Action. An order granting that motion was entered by the Illinois District on August 30, 2007.

"Counter Designation").  In the Counter Designation, the Creditor Trust notes, among other things, that Johnson failed to file a statement of issues and thus made it impossible for the Creditor Trust to ensure that all necessary items were included in the Counter Designation.  The Counter Designation was served on Johnson (Bankruptcy Docket No. 4279).  (*See* LeMay Declaration, Exs. 17 and 18)

- The appeal (related to the Second Notice of Appeal) was docketed with this court on November 29, 2007 (the "Second District Court Appeal").

## ARGUMENT

Without a substantive change in argument and without any reference to real legal standards, Johnson asks courts to re-review the same issues in the hope -- it appears -- that some court, somewhere will finally provide the answer she wants to hear.[3]

Johnson's underlying claims are not valid.  Her First District Court Appeal, which is pending before this Court, related to Judge Lifland's dismissal of her claim against Spiegel, Inc. for $100,000.00.  A motion to dismiss that appeal has been filed with this Court by the Creditor Trust.  Johnson's current appeal, the Second District Court Appeal, is of a Bankruptcy Court order which held Johnson in contempt for seeking to prosecute that *same $100,000.00 claim, the dismissal of which is currently on appeal before this Court,* as a new and separate action in Illinois District Court.  Clearly, Johnson was concerned that this Court would not provide the answer she wanted to hear with respect to the First District Court Appeal or she would not have surreptitiously started the Illinois Action.  As Johnson's Second District Court Appeal was not properly perfected, it must now be dismissed.

Johnson has failed to file a statement of issues for six months after filing her Second Notice of Appeal and has failed to file her appellant's brief for over four months after the appeal

---

[3]   In fact, prior to the First District Court Appeal, the Bankruptcy Court was asked to reconsider, re-reconsider and re-re-re consider the order which disallowed the Johnson Claim.

was docketed. Those facts should end the Court's inquiry. If the Court, however, believes it is required to review the "excusable neglect" factors, the Court should find that a serial litigant who consistently ignores procedural rules as well as rules of finality -- all to the great expense to the court system and the Creditor Trust -- should not obtain the benefit of any discretion that the Court may have. Accordingly, the Motion to Dismiss should be granted.

### DISMISSAL ON GROUNDS THAT APPEAL DEADLINE WAS IGNORED

**A.   Applicable Law -- This Court has Ample Power to Deal with Appellant's Systematic Abuse of Court System and Repeated Procedural Neglect by Dismissing This Appeal.**

Bankruptcy Rule 8006 states that "[w]ithin 10 days after filing notice of appeal as provided by Rule 8001(a) … the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Additionally, Bankruptcy Rule 8009 states the appellant shall serve and file a brief within 15 days of the *docketing of* the appeal. Furthermore, Bankruptcy Rule 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but it is ground only for such action as the district court … deems appropriate, which may include dismissal of the appeal."

The time limitations imposed by Bankruptcy Rules 8006 and 8009 are not jurisdictional, and therefore automatic dismissal is not required. However, the district court may exercise its discretion and dismiss the appeal where appropriate, such as when the appellant has acted in bad faith, negligently, indifferently or with dilatoriness. *See, e.g. In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir. 1987) (appeal dismissed as, among other things, appellate brief was not filed within 15 day period established by Bankruptcy Rule 8009); *Burton v. Schachter (In re Burton),* 316 B.R. 138, 139-40 (S.D.N.Y. 2004) (appeal dismissed as, among other things, designation of items and statement of issues not filed within ten day period established by Bankruptcy Rule

8006).

Upon motion after the expiration of the relevant deadline, the court may permit late filing on the basis of excusable neglect. *See* Bankr. R. 9006(b)(1); *see also In re Burton*, at 140. Although no motions to extend the deadline for the filing of the statement of issues on appeal or the filing of the appellant's brief have yet been filed, we will, nevertheless, address the applicable "excusable neglect" standard established by the Supreme Court in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993).

The *Pioneer* standard requires a court to "consider all relevant circumstances when applying the 'excusable neglect' standard, including 'the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *See Burton,* at 140 (citing *Pioneer* at 395).

**B.    Appellant's History of Ignoring Deadlines and Abusing the Court Process Eminently Justifies Dismissal of This Appeal**

Johnson has, in recent chronological order: (a) filed an appeal of an order to this Court last year (the First District Court Appeal) that is jurisdictionally defective because of her failure to comply with the applicable appellate deadline; (b) after the filing of the First District Court Appeal, brought the Illinois Action with respect to *the very same claim being litigated in the First District Court Appeal*, ignoring the injunction contained in the Plan and in the Confirmation Order (and numerous warnings related thereto) and collaterally attacking the authority of both this Court and the Bankruptcy Court; (c) attempted to file this appeal (the Second District Court Appeal) of the Contempt Order on some unknown basis even though the Contempt Order, for the most part, simply reaffirms the injunction and discharge provisions already set forth in the Plan and Confirmation Order; (d) failed to include her statement of issues

on appeal for almost six months after her Second Notice of Appeal was filed *even though the Spiegel Creditor Trust alerted Johnson to this fact in September* (*see* Counter Designation); and (e) for over four months after the Second District Court Appeal was docketed, failed to file an appellant's brief.

These recent events, of course, follow over fifteen years of litigation between Johnson and Spiegel that have spanned six different courts and commissions. None of these actions have been successful.

Johnson has, as demonstrated by the above, repeatedly acted in bad faith, negligently, indifferently and/or with dilatoriness. For these reasons, the Court should exercise it discretion and dismiss this appeal under Rule 8001 on the ground that such a dismissal is an appropriate sanction for Johnson's failures to file a statement of issues and an appellant's brief.

**C.    Appellant's Neglect is Not Excusable under Second Circuit Precedent**

If the Court were to determine, however, that it should review the missed deadlines under the "excusable neglect" standard, the outcome should be exactly the same. Johnson has not and cannot demonstrate any legally sufficient excuse under Second Circuit case law for failing to miss an applicable appeal deadline.

The Second Circuit has made clear that, as a general rule, failing to comply with clear deadlines should not be permitted:

> [W]e do not believe that the possibility that a court may properly find excusable neglect on such grounds [ambiguous or conflicting rules] alters the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect. We are not alone in that view.... Where ... the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.

*Lynch v. USA (In re Lynch),* 430 F.3d 600, 604 (2d. Cir. 2005) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248 (2d Cir. 1997) (modifications in original)).

Johnson cannot here demonstrate, as she must, that the missed deadlines (which she has not attempted to cure) were not in her reasonable control.  The Bankruptcy Rules clearly set forth the relevant deadlines for perfecting an appeal and the Second Circuit has explained in the *Silivanch v. Celebrity Cruises*, 333 F.3d 355 (2d Cir. 2003) decision that the "excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."  *Id.* at 368 (citation omitted).

As the most important "excusable neglect" factors (the reason for the delay, including whether such delay was within the reasonable control of the movant and whether the movant is acting in good faith) clearly favor the Creditor Trust, and because the Second Circuit case law requires more than a showing of error, Johnson cannot meet her burden to demonstrate excusable neglect.  Accordingly, the Motion to Dismiss should be granted.

WHEREFORE, the Creditor Trust respectfully requests that the Court exercise its discretion to grant the Motion to Dismiss pursuant Bankruptcy Rule 8001.  The Creditor Trust also requests the Court grant such other and further relief as the Court may deem just and appropriate.

Dated:   New York, New York  
        March 27, 2006

*/s/  David M. LeMay*  
David M. LeMay (DL 9093)  
Douglas E. Deutsch (DD 7229)  
CHADBOURNE & PARKE LLP  
30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 408-5100  
Facsimile: (212) 541-5369  
Attorneys for Spiegel Creditor Trust