UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

In Re SPIEGEL, INC., et al.,

                      Reorganized Debtors

Civil Case 07 Civ. 10317 (RJH)

Bankruptcy Case 03-11540

**<u>ORDER</u>**

---

Jacqueline J. Johnson brings this appeal from an Order of the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) dated August 21, 2007. Johnson filed a timely notice of appeal [1], along with a designation of the bankruptcy record on appeal [2]. Both the notice of appeal [1] and the designation of the record [2], along with the counter-designation of appellee Spiegel Creditor Trust [3] (the "Creditor Trust") were docketed in this Court on November 15, 2007. On November 21, 2007, the Clerk of the Court mailed notice to the parties that the appeal had been docketed.[1] On March 27, 2008, the Creditor Trust moved to dismiss Johnson's appeal due to her failure to timely file a statement of issues or an appellate brief. Copies of the Creditor Trust's motion and supporting papers were served on Johnson by Federal Express and First Class Mail. (Bava Aff. of Service, Mar. 27, 2008.) Johnson has never filed a statement of issues, an appellate brief, an opposition to the Creditor Trust's motion

---

[1] The Clerk made two entries on the docket on November 21, 2007. The first states: "Mailed letter to the United States Bankruptcy Court - Southern District of New York as notification of filing of Bankruptcy Notice of Appeal (Case Number: 03-11540 (BRL).) with the U.S.D.C. - S.D.N.Y. and the assignment of S.D.N.Y. Case Number: 07-10317. (laq) (Entered: 11/21/2007)." The second states: "Mailed notice to the attorney(s) of record. (laq) (Entered: 11/21/2007)." The docket sheet reflects that Johnson is representing herself *pro se*, and lists the address she has provided the Clerk of Court. Particularly in the absence of any submissions to the contrary by Johnson, the Court interprets these entries as indicating that the Clerk sent notice of the docketing of the appeal to the parties pursuant to Bankruptcy Rule 8007.

to dismiss, or provided the Court with any explanation or even acknowledgement of her failure to prosecute this action.

Under Bankruptcy Rule 8009(a)(1), the appellant is required to "serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Bankruptcy Rule 8007(b) provides that after the clerk of the bankruptcy court transmits a copy of the complete record on appeal to the district court, "the clerk of the district court . . . shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order or decree appealed from of the date on which the appeal was docketed." The Second Circuit has recently held that "the fifteen days given to an appellant to file a brief only begins to run once the appeal is docketed and notice has been sent." *Glatzer v. Enron Corp.*, 475 F.3d 131, 134–35 (2d Cir. 2007). The Clerk of the Court sent notice of the docketing of the appeal on November 21, 2007; Johnson's time to file a brief has long since expired.

An "appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). Thus, courts have held that "[t]he time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2d Cir. 1987). "Rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances . . . ." *Id.* "Appropriate circumstances for dismissal include where the

2

appellant has acted in bad faith, negligently, indifferently, or with dilatoriness." *In re Godt*, 282 B.R. 577, 583 (E.D.N.Y. 2002).

In this case, the Court determines that the appeal should be dismissed. As noted above, Johnson has failed to respond to the Creditor Trust's motion in any way. Moreover, this is not the first time that Johnson has failed to file an appellate brief before this Court. In an appeal of an earlier order by the bankruptcy court regarding her claim against Spiegel, Johnson also failed to file an appellate brief. *See In re Spiegel*, 07 Civ. 3947 (RJH), 385 B.R. 35, 38 (S.D.N.Y. 2008). In that case, this Court excused her failure as likely the result of "profound confusion." *Id.* At this point, Johnson's failure to file an appellate brief in this action cannot be for lack of notice of the need to file a brief in a timely fashion. *See In re Spiegel*, 07 Civ. 3947 (RJH), Spiegel Creditor Trust's Motion to Dismiss Pending Johnson Appeal 6–7, June 29, 2007 (stating that appellate brief must be filed within fifteen days of the docketing of the appeal); *see also In re Spiegel*, 385 B.R. at 38 (noting necessity of filing appellate brief in opinion dated March 31, 2008). Whether Johnson's confusion is genuine or a product of willful blindness,[2] neither the Creditor Trust nor this Court should be saddled indefinitely with its costs.

Therefore, the Court exercises its discretion and grants the Creditor Trust's motion to dismiss [5] Johnson's appeal of the bankruptcy court's August 21, 2007 Order. The Clerk of the Court is directed to close this case.

---

[2] In this regard, the Court notes that Johnson's apparent difficulty in following the rules governing the prosecution of her claims has not prevented her from initiating several proceedings and appeals against Spiegel. Indeed, while Johnson failed to respond to the Creditor Trust's motion to dismiss in this action, on May 1, 2008, she initiated an appeal of this Court's March 31, 2008 Order in *In re Spiegel*, 07 Civ. 3947 (RJH). Moreover, the Court cannot perceive any possible advantage to Johnson—other than delay, of course—in prosecuting her appeal of the bankruptcy court's contempt order. No monetary sanctions were imposed and the injunction appears to have mainly required Johnson to follow the existing Plan and Confirmation Order. While the Order did potentially require her to take certain actions in aid of vacating of the default judgment she obtained against Spiegel in the Northern District of Illinois, the default judgment has now been vacated.

3

SO ORDERED.

Dated: New York, New York
       July 1, 2008

                                                 Richard J. Holwell
                                          United States District Judge